IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CRYSTAL GLEISNER, ET AL., <br>     Plaintiffs, <br><br> v. <br><br> PRESBYTERIAN HOSPITAL OF PLANO, INC., AT AL., <br>     Defendants. | § § § § § § § § § § §    CIVIL ACTION NO. 2:05-CV-396 (TJW) |

**MEMORANDUM OPINION AND ORDER**

The Defendants filed a Motion to Transfer Venue (Docket # 10). Defendants request that the Court transfer this case to the Sherman Division of the Eastern District of Texas. After considering the parties' filings and applicable law, the Court GRANTS Defendants' Motion for the reasons expressed herein.

**I.    Factual Background**

This is a suit alleging violations of 42 U.S.C. § 1395dd and negligence arising from the death of Michael Scarcella ("Scarcella"). Plaintiffs brought their claims against Defendants on August 12, 2005 in the Eastern District of Texas, Marshall Division alleging that Defendants did not comply with federal statutes requiring that patients with emergency medical conditions be stabilized before being transferred to another medical facility. Defendants filed a motion to transfer venue to the Sherman Division of the Eastern District of Texas.

**II.    Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether

the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not

applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III. Venue in the Sherman Division of the Eastern District of Texas

As Defendants' transfer request is within the Eastern District, this Court need not consider whether the Plaintiffs' claims could have been filed in the judicial district to which transfer is sought. This requirement is obviously met so the Court will consider the transfer factors as they apply to all of the claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204.

### IV. Application of the Transfer Factors

The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204. This case involves claims that Defendants violated 42 U.S.C. § 1395dd and committed negligence. At its heart, Plaintiffs' allegations center on the Defendants' failure to adequately stabilize Scarcella before transferring him and for not having the necessary trained employees and equipment to handle emergencies that were foreseeable during the transfer. After review of all the factors, the Court finds that the reasons to transfer the case to the Sherman Division outweigh the reasons to retain the case in the Marshall Division. Therefore, the Court will grant Defendants' motion.

<u>The Private Factors</u>

(1) *The plaintiff's forum choice.*

While the plaintiff's forum choice is given considerable weight, it is neither controlling nor determinative. *See In re Horseshoe Entm't*, 337 F.3d at 434. Although most, if not all, of the parties reside in the Sherman Division, Plaintiffs chose to bring their suit in the Marshall Division. Thus, this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Medical records and reports can easily be sent to the Marshall Division. Thus, this factor does not favor transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

As both venues are within the Eastern District of Texas, this factor is neutral as to transfer.

(4) *The willing witnesses' cost of attendance.*

Nearly every witness would have increased costs if the case were tried in Marshall rather than Sherman. Nearly every witness is closer to Sherman than Marshall and some witnesses would not need the expense of staying overnight if the trial occurred in Sherman rather than Marshall. Accordingly, this factor weighs in favor of transfer to the Sherman Division.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

As the proposed transfer is to another division within the Eastern District of Texas, factors related to delay appear to be neutral as to transfer.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

As noted above, this transfer request is to the Sherman Division. The Court is not aware of any administrative difficulties flowing from court congestion that would affect the Sherman Division and not affect the Marshall Division. Accordingly, this factor is neutral as to transfer.

(2) *The local interest in having local issues decided at home.*

The residents of the Sherman Division undoubtedly have a peculiar interest in adjudicating a case involving the manner in which medical institutions in the Sherman Division

handle emergency conditions and how these medical institutions stabilize patients before transfers occur. Residents of the Sherman Division will ultimately be affected by the standard of care instituted by physicians and medical institutions in handling these issues. In the Court's view, this factor weighs heavily in favor of transfer.

(3) *The forum's familiarity with the governing law and the avoidance of unnecessary conflict of law problems involving foreign law's application*

As the requested transfer is within the Eastern District of Texas, these factors are both neutral as to transfer.

V. **Conclusion**

Afer weighing all of the factors, the Court finds that it should transfer this case. Accordingly, the Court GRANTS Defendants' motion.

SIGNED this 5th day of October, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE